United States District Court
Southern District of Texas

**ENTERED**

November 03, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL LLOYD PENTON, | § | |
| (TDCJ-CID #648095) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-16-0724 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Michael Lloyd Penton, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a denial of release to mandatory supervision and the denial of credit for time served on parole. The respondent filed a motion for summary judgment on the ground that the petition for writ of habeas corpus was filed too late and, on the first two of the three claims, was a repeat or successive petition filed without the required permission from the appellate court. (Docket Entry No. 15).[1] The respondent filed copies of the state court record. (Docket Entry No. 15). Penton has responded. (Docket Entry No. 17). Having reviewed the motion, the record, and the applicable authorities, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

### I.     Background

On May 11, 1992, Penton was convicted of aggravated assault. He received a 25-year

---

[1] Respondent provides the following exhibits: (A) a time-calculation affidavit by Charley Valdez from the TDCJ-CID Classification and Records division, and (B) a copy of the Fifth Circuit order denying Penton's request to file a successive application.

sentence. (Cause Number 619404, in the 185th Judicial District Court of Harris County, Texas). (Docket Entry No. 15-23, pp. 51-52). Penton does not challenge his conviction or sentence. Instead, he challenges the forfeiture of his street-time credit and the TDCJ's failure to designate him as eligible for release to mandatory supervision.

Penton was released to parole on October 9, 2002. (Docket Entry No. 14-1, pp. 2-4). His parole was revoked on July 14, 2004, and he was returned to TDCJ custody on August 11, 2004. He received credit from June 14, 2004 to the date of his next release on parole, December 13, 2012. After that release, his parole was revoked on September 23, 2014, and he returned to TDCJ custody on October 13, 2014. He received credit from July 25, 2014, the date the pre-revocation warrant issued, to the present. *Id.*

Penton filed a time-credit dispute resolution form with the Classification and Records Department of TDCJ on December 11, 2014. On January 26, 2015, the Department advised Penton that he was not eligible for street-time credit. Penton filed a state habeas application on July 24, 2015. The Texas Court of Criminal Appeals denied it without a hearing or written order, on the trial court's findings, on November 18, 2015. (Docket Entry No. 15-20, p. 1).

On March 18, 2016, this court received Penton's federal petition. He filed the petition when he gave it to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Penton deposited his federal petition in the prison mail on the date he signed it, March 14, 2016. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Penton contends that his conviction is void for the following reasons:

> (1) prison officials denied him mandatory supervision eligibility, thereby violating his right to due process and the prohibition against ex post facto laws;
>
> (2) prison officials have unlawfully extended his sentence by deeming him "out

2

of custody" while he was on parole and denying him street-time credit following his 2004 parole revocation; and

(3)    prison officials have unlawfully extended his sentence by deeming him "out of custody" while he was on parole and denying him street-time credit following his 2014 parole revocation.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).  Each is addressed below.

## II.    The Issue of Successive Petitions  (Grounds 1 & 2)

On December 13, 2005, Penton filed a federal petition, Civil Action No. H-05-4214, challenging the revocation of his parole.  He raised the following grounds:

(1)    the revocation of parole was improper;

(2)    there was no evidence to support the revocation because the information offered by the State was inaccurate and insufficient;

(3)    the Board violated the Double Jeopardy Clause by punishing Penton twice for a discharged offense; and

(4)    the Board violated the prohibition against *ex post facto* laws by applying retroactively Senate Bill 880 to his parole revocation.

On January 19, 2007, the court granted the respondent's motion for summary judgment and denied the petition on the merits.

On November 5, 2012, Penton filed a second federal petition, Civil Action No. H-12-3285, presenting the following grounds:

>    (1)    requiring Penton to complete a Sex-Offender Treatment Program before he
>           could be released violated the ex post facto clause of the Constitution;
>
>    (2)    the TDCJ erroneously retroactively applied the sex offender requirements to
>           the conditions governing his parole and mandatory supervision eligibility;
>           and
>
>    (3)    denying Penton mandatory supervision eligibility violated the ex post facto
>           clause.

On June 10, 2013, the federal court granted the respondent's motion for summary judgment on the grounds that Penton's petition was moot, was barred for failure to obtain permission to file a repeat or successive petition, and was filed too late. 28 U.S.C. § 2244(b), (d).

The present federal action is also barred. It is another repeated or successive application governed by 28 U.S.C. § 2244(b)(3)(A) (1998). This statute requires the Fifth Circuit Court of Appeals to authorize a district court to consider a repeat or successive application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before Penton could file this case, he had to file a motion in the Fifth Circuit Court of Appeals asking that court for an order authorizing this court to consider the case. The summary judgment evidence shows that the United States Court of Appeals for the Fifth Circuit has not issued that order. (Docket Entry No. 14-2). To the contrary, that court refused a similar order on a prior occasion.

In an order entered on April 6, 2009, the Fifth Circuit stated:

In his instant application, Penton again proposes that he improperly has been denied the opportunity to be released on mandatory supervision. Penton specifically asserts a number of claims related to the TDCJ's determination that his 1992 conviction of aggravated assault disqualifies him from being eligible for mandatory supervision. Penton argues that his instant application should not be deemed successive because his December 2005 application concerned an altogether different matter, i.e., his parole revocation hearing, and the dismissal of his May 2002 application as moot was not an adjudication on the merits. A prisoner's application is not successive merely because it follows an earlier application. *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* The prescriptions of § 2244 primarily are designed to enforce a "policy against piecemealing claims." *Crone v. Cockrell,* 324 F.3d 833, 837 (5th Cir. 2003). Therefore, the classification of an application as "successive" primarily depends on whether the allegations in the application were known, or could have been known, to the petitioner prior to an earlier application. *See Cain,* 137 F.3d at 236; *Crone,* 324 F.3d at 837. In the instant case, the date on which Penton became aware of his present claims precedes the filing date of his December 2005 application. Because Penton could have included his present claims in his previous § 2254 application, those claims are successive. *See Cain,* 137 F.3d at 235. Penton has not shown that his proposed claims meet the criteria set forth in 2244(b)(2).

Accordingly, IT IS ORDERED that Penton's motion for leave to file a second or successive § 2254 application is DENIED.

(Docket Entry No. 14-2, pp. 3-4).

In his first ground for habeas relief, Penton argues that prison officials have violated the Due

Process and Ex Post Facto Clauses by denying him mandatory supervision eligibility. Penton raised

this claim in his second federal petition, Civil Action No. H-12-3285. This claim is successive

because Penton is raising a claim challenging his conviction or sentence that was raised in an earlier

case.  His failure to get an order from the appellate court authorizing this court to pursue it precludes this court from considering the claim.  This claim must be dismissed.

In ground two, Penton argues that prison officials have unlawfully extended his sentence, in violation of his due process rights, by deeming him "out of custody" while he was on parole and denying him street-time credit after his 2004 parole revocation.  Penton knew the basis of these allegations before he filed his earlier federal petition in Civil Action No. H-05-4214.  This ground must also be dismissed for lack of this court's authority to consider it.  *See* 28 U.S.C. § 2254.

### III.    The Issue of Limitations  (Ground 3)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.  The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6

28 U.S.C. § 2244(d)(1)-(2).

In his third ground for habeas relief, Penton asserts that prison officials have unlawfully extended his sentence, in violation of his Due Process rights, by deeming him "out of custody" while he was on parole and denying him street-time credit following his 2014 parole revocation.  Penton's parole was revoked on September 23, 2014.  Penton knew the factual basis for this claim when his parole was revoked and he was denied street-time credit.  That limitations period ended one year later, in September 2015, but was extended by two subsequent filings.

Penton filed a Time-Dispute Resolution form on December 11, 2014, and the TDCJ responded on January 26, 2015.  (Docket Entry No. 14-1, p. 4).  This tolled the federal limitations period for 47 days, extending Penton's September 2015 deadline (one year after the date of the revocation and denial of street-time credit) to November 2015. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (limitations period is statutorily tolled while a Time-Dispute Resolution issue is pending, for up to 180 days).

A properly filed state habeas application can extend the limitations deadline. 28 U.S.C. § 2244(d)(2)(West 1997).   On July 24, 2015, Penton submitted a state habeas application, which the Texas appellate court denied on November 18, 2015.  This state application tolled the federal limitations period for 118 days. 28 U.S.C. § 2244(d)(2).  The deadline for Penton to file his federal petition was extended to March 7, 2016.  Penton filed his federal petition on March 14, 2016, seven days too late.

The record does not disclose any basis to extend the deadline more.  *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(confiscation of legal materials and an inadequate law library did not extend the deadline when the alleged impediments to filing a federal petition were

removed six months before the limitations period ended), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (inadequacies in the prison law library and lack of notice of the statute's requirements did not extend the filing deadline), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process or lack of representation during the applicable filing period did not extend the time to file), *cert. denied*, 528 U.S. 1007 (1999). Penton's delay in filing his state habeas application further weighs against allowing him to file this case late. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Penton's third claim is also dismissed. *See* 28 U.S.C. § 2244(d).

## IV.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 14), is granted. Penton's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. All remaining pending motions are denied as moot.

No certificate of appealability will issue. The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should not issue unless the prisoner shows, at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Penton has not made the necessary showing. A certificate of appealability is denied.

SIGNED on November 3, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge